UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRIS ELROY LOVELESS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-24-858-JD |
| | ) |
| STATE OF OKLAHOMA, et al., | ) |
| | ) |
| Respondents. | ) |

**REPORT AND RECOMMENDATION**

Petitioner Chris Elroy Loveless, proceeding pro se, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition") challenging his state court conviction and pretrial confinement in Case No. CF-2024-89, District Court of Grady County, Oklahoma. Pet., Doc. 1. United States District Judge Jodi W. Dishman referred this matter to the undersigned Magistrate Judge for proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). For the reasons set forth below, the undersigned recommends that the Court dismiss the Petition without prejudice.

**I.    Relevant Procedural History**

Petitioner was charged with witness intimidation in state court. Pet. at 1; *State v. Loveless*, No. CF-2024-89, https://www.oscn.net/dockets/GetCaseInformation.aspx?db=grady&number=CF-2024-00089&cmid=11062065 (last visited Nov. 11, 2024) ("OSCN Docket").[1] Petitioner pleaded guilty to witness intimidation on August 2, 2024. That same

---

[1] The undersigned takes judicial notice of the docket report in Petitioner's state-court proceedings. *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009)

day, the state district court sentenced Petitioner to a term of ten years' imprisonment, with all but the first eight years suspended—to be served concurrently with another term of imprisonment in Case No. CF-2022-165 in Grady County. *Id.* Later in August 2024, Petitioner filed various motions in state court to withdraw his guilty plea to witness intimidation. *Id.* On October 15, 2024, the state district court overruled Petitioner's motion to withdraw his plea. *Id.* On October 18, 2024, Petitioner filed a notice in state court of his intent to appeal the district court's ruling. *Id.* That state appeal is pending.

On August 21, 2024, Petitioner filed his Petition in this Court. He raises four grounds for relief against three Defendants: Bill Bybee, Assistant District Attorney ("ADA") Jeff Sifers, and the State of Oklahoma. Pet. at 1, 5, 6, 8, 9. The undersigned liberally construes Petitioner's grounds as follows:

- Ground One: His arrest for witness intimidation was "bogus," in part because the arrest warrant and affidavit were not properly signed.

- Ground Two: He has been "imprisoned for a false charge of intimidating a witness."

- Ground Three: The state court violated his "due process" rights by failing to hear his "objections on charge or [] objection to excessive bail."

- Ground Four: The state prosecution violated his "4, 5, 6, 8 & 14th Amendment[]" rights and violated his "civil liberties."

Pet. at 5-10. Petitioner seeks dismissal of his charge, removal and suspension actions against ADA Sifers, and $1,000.00 "an hour for every hour falsely imprisoned." *Id.* at 14.

---

(noting a court may "take judicial notice of publicly-filed records in [its] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand" (citation omitted)).

## II. Standard of Review

This Court must review habeas petitions promptly and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"); *see also* Section 2254 Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by [§ 2254]."). In addition, "affirmative defenses unique to the habeas context such as exhaustion of state remedies . . . may be raised by a court sua sponte." *United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008).

Further, with federal habeas review, "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court will not, however, provide a petitioner with arguments or act as his advocate. *See id.*

## III. Analysis

Petitioner filed his Petition before this Court on August 21, 2024—almost three weeks after his plea, sentencing, and judgment in Grady County on August 2, 2024. The Petition, however, suggest charges were still pending at the time of filing. For example, Petitioner claims he pleaded not guilty and his sentence is "unknown," and he never notes the proceedings from August 2, 2024. Pet. at 1-2, 6-9, 15. However, given Petitioner's judgment well before the filing of his Petition, the undersigned liberally construes his central challenge as an attack on his state conviction and therefore "an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State

3

court." 28 U.S.C. § 2254(a). The undersigned in Section III(C) addresses Petitioner's claims should the Court choose to construe his Petition under 28 U.S.C. § 2241.

### A.    Petitioner has failed to exhaust his available state-court remedies.

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see also* 28 U.S.C. § 2254(b)(1)(A) (prohibiting federal habeas relief unless "it appears" "the applicant has exhausted the remedies available in the courts of the State"). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State[ ] . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

When "a state prisoner has not properly exhausted state remedies," a federal court "ordinarily will not entertain an application for a writ of habeas corpus unless exhaustion would have been futile because either 'there is an absence of available State corrective process' or 'circumstances exist that render such process ineffective to protect the rights of the applicant.'" *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) (quoting 28 U.S.C. § 2254(b)(1)(B)(i)-(ii)). The prisoner "bears the burden of proving that he

exhausted state court remedies or that exhaustion would have been futile." *Id.* (internal citations omitted).

Petitioner has failed here to satisfy his burden of showing exhaustion. He is currently litigating a direct appeal in state court regarding the motion to withdraw his guilty plea. Petitioner has not otherwise raised his grounds for relief through a direct appeal or prior post-conviction filing; he affirmatively states under each ground in his Petition that he did not raise the ground on appeal. Pet. at 6-13. "[S]tate remedies cannot be exhausted if an appeal from a state conviction is pending." *Denney v. Kansas*, 436 F.2d 587, 588 (10th Cir. 1971). Further, Petitioner has not demonstrated that he lacks the opportunity to obtain the appropriate redress in state court. Because Petitioner has failed to exhaust state remedies, the Court should dismiss the Petition without prejudice. *See Demarest v. Price*, 130 F.3d 922, 939 (10th Cir. 1997) ("Generally, when a habeas petitioner has failed to exhaust his state court remedies, a federal court should dismiss the petition without prejudice so that those remedies may be pursued.").

### B. Claims for monetary relief and actions against the prosecutor are not cognizable in a habeas action.

Aside from the challenge to his state conviction, Petitioner requests monetary damages of "$1,000 an hour for every hour falsely imprisoned" and removal and suspension from practice of the state prosecutor. Pet. at 15. "A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action . . . attacks the conditions of the prisoner's confinement and requests monetary compensation for such

5

conditions." *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (quotation marks omitted). Petitioner's requested monetary relief and actions against the ADA are not cognizable as federal habeas claims.

Further, the undersigned recommends that the Court decline to recharacterize Petitioner's claims for monetary or other relief as a civil rights action under 42 U.S.C. § 1983. "Challenges to the fact of conviction or confinement or the duration of confinement are cognizable only under the habeas statutes, while section 1983 actions are typically the proper vehicle for attacking unconstitutional conditions of confinement and parole procedures." *Woodruff v. Everett*, 43 F. App'x 244, 245 (10th Cir. 2002) (citing *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973)); *see also Richards v. Bellmon*, 941 F.2d 1015, 1018 n. 3 (10th Cir. 1991) (noting that "to construe this complaint as arising under § 1983 and § 2254 borders on advocacy"). Petitioner is aware of the process for filing a civil rights action. He filed a § 1983 suit before this Court in *Loveless v. Peek, et al.*, Case No. CIV-22-941-JD (W.D. Okla.).

### C. Petitioner's claims are moot if the Court construes the Petition under 28 U.S.C. § 2241.

"Section § 2241 is a vehicle for challenging pretrial detention, or for attacking the execution of a sentence," while a "§ 2254 petition, on the other hand, is the proper avenue for attacking the validity of a conviction and sentence." *Yellowbear v. Wy. Atty. Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) (citations omitted). Plaintiff filed his Petition under § 2254 after he pleaded guilty and was sentenced for witness intimidation. However, he appears to attack the circumstances of his pretrial confinement and asks the Court to "drop

6

charges." Pet. at 6-7, 14. If the Court construes the Petition to allege pretrial-detention claims under § 2241, the Petition should be dismissed as moot. Petitions under § 2241 "that challenge a defendant's pretrial custody become moot upon the conviction of the petitioner." *Clark v. Payne*, 341 F. App'x 355, 356 (10th Cir. 2009). "Because [Petitioner] entered a plea of guilty and was subsequently sentenced, his request for dismissal of his pending prosecution under § 2241 has been mooted." *Id.* Accordingly, if the Court construes the Petition to raise claims under § 2241, the undersigned recommends dismissal without prejudice. *See, e.g.*, *Brown v. Buhman*, 822 F.3d 1151, 1165, 1179 (10th Cir. 2016) (explaining that "[m]ootness deprives federal courts of jurisdiction" and lack of subject-matter jurisdiction results in a dismissal without prejudice).

### IV. <u>Recommendation and Notice of Right to Object</u>

For the foregoing reasons, the undersigned recommends that the Petition be **DISMISSED WITHOUT PREJUDICE**. Doc. 1. Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of this Court by December 3, 2024. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 12th day of November, 2024.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE