# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRIS ELROY LOVELESS, | ) |
|     Petitioner, | ) ) ) |
| v. | ) Case No. CIV-24-00858-JD ) |
| STATE OF OKLAHOMA, JEFF SIFERS, and BILL DYDEE, | ) ) ) ) |
|     Respondents. | ) |

## ORDER

Before the Court is the Report and Recommendation ("R. & R.") [Doc. No. 9] issued by United States Magistrate Judge Chris M. Stephens on November 12, 2024. The R. & R. recommends that the Court dismiss Petitioner Chris Elroy Loveless's 28 U.S.C. § 2254 petition [Doc. No. 1] because Loveless has not exhausted his available state-court remedies and he seeks monetary relief and legal action against the state prosecutor, which are not cognizable as federal habeas claims. R. & R. at 3–6. The R. & R. advised Loveless of his right to object by December 3, 2024, and warned that failure to object timely would waive the right to appellate review of the factual and legal issues in the R. & R. *Id.* at 7. Loveless did not file an objection.[1]

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or

---

[1] The Court's record reflects that the R. & R. of November 12, 2024, was mailed to Petitioner at his address. There is no record that the R. & R. has been returned to the Court as undeliverable, and over five weeks have passed since it was mailed. *See* [Doc. No. 9]. "Papers sent by the court will be deemed delivered if sent to the last known address given to the court." LCvR5.4; *see* Fed. R. Civ. P. 5(b)(2)(C).

for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). By not objecting to a magistrate judge's report and recommendation, the parties waive their rights to challenge the legal and factual basis for the magistrate judge's decision. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not file any objections).

The Tenth Circuit has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This rule "provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." *Id.* There are two exceptions to the waiver rule: "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005) (quoting *Moore*, 950 F.2d at 659). The Tenth Circuit has considered various factors to determine whether the interests of justice require review; these factors include: "[1] a *pro se* litigant's effort to comply, [2] the force and plausibility of the explanation for his failure to comply, and [3] the importance of the issues raised.'" *Id.* at 1120.

Here, the R. & R. sufficiently informed Loveless of both the time period for objecting and the consequences of failing to object. *See* R. & R. at 7. And the interests of justice do not require review because the R.& R. was mailed to Loveless's provided address on November 12, 2024, and the Court has no evidence of Loveless's effort to

comply or an explanation for his failure to comply. Thus, the firm waiver rule applies, and Loveless has waived his right to challenge the R. & R.

Nevertheless, de novo review of the R. & R. would lead the Court to reach the same conclusion as the magistrate judge: dismissal is proper for Loveless's failure to exhaust state court remedies. "AEDPA prohibits federal courts from granting habeas relief to state prisoners who have not exhausted available state remedies." *Ellis v. Raemisch*, 872 F.3d 1064, 1076 (10th Cir. 2017); *see also* 28 U.S.C. § 2254(b)(1)(A). "In order to satisfy the exhaustion requirement, a federal habeas corpus petitioner must show that a state appellate court has had the opportunity to rule on the same claim presented in federal court . . . ." *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). "The petitioner bears the burden of proving either that state remedies were exhausted or that exhaustion would have been futile." *Fontenot v. Crow*, 4 F.4th 982, 1020 (10th Cir. 2021) (citing *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011)). As the R. & R. properly determined, Loveless has not shown exhaustion or futility. *See* R. & R. at 5.

Therefore, the Court ADOPTS the R. & R. [Doc. No. 9] in its entirety and DISMISSES the § 2254 petition [Doc. No. 1] without prejudice. *See Bland v. Sirmons*, 459 F.3d 999, 1012 (10th Cir. 2006) (explaining that "a federal court [generally] should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies").

Even if the firm waiver rule did not bar appellate review, Loveless would not be entitled to a certificate of appealability. Under Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a

3

certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability, the petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies a habeas petition on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012) (same).

After considering the petition, the R. & R., and this Order, the Court finds that reasonable jurists could not debate the Court's determination that Loveless's habeas corpus claim is subject to dismissal because he failed to exhaust available state court remedies before filing his petition. Because Loveless cannot make the required showing under the statute and Supreme Court precedent, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED this 19th day of December 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE